UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIANLONG DONG,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,[1]<br>Respondents. | No. 1:26-cv-05205-DAD-JDP (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. Nos. 1, 8, 9) |

Petitioner is a federal immigration detainee proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On July 27, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's habeas petition (Doc. No. 1) be granted and he be ordered released from custody. (Doc. No. 8.) Specifically, the magistrate judge concluded that

/////

/////

/////

[1] Pursuant to Rule 25(d): David Venturella, as acting Director of Immigration and Customs Enforcement, automatically substitutes in place of Todd M. Lyons. Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

petitioner's re-detention without a pre-deprivation hearing violated due process.[2] (*Id.* at 3–8.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 8.) On August 7, 2026, respondents filed objections to the pending findings and recommendations. (Doc. No. 10.) In those objections, respondents state that in light of the recent Ninth Circuit decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), "§ 1226(a) governs Petitioner's detention[]" and therefore he is entitled to seek a custody redetermination hearing, not immediate release. (*Id.* at 1.) Respondents also confusingly contends that petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2), and state that they "maintain the position that such provision governs here." (*Id.* at 1.)

The undersigned has previously concluded under similar circumstances as those presented in this case that a petitioner's re-detention without a pre-deprivation hearing violated due process and that the appropriate remedy was immediate release. *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *5 (E.D. Cal. Nov. 21, 2025) (ordering the release of a petitioner who was previously released into the United States and re-detained without a pre-deprivation hearing). Respondents' objections do not engage with the magistrate judge's due process analysis and fail to explain how the Ninth Circuit's decision in *Rodriguez Vazquez* allows for any other outcome here. Accordingly, the court rejects respondents' objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations filed on July 27, 2026 (Doc. No. 8) are ADOPTED in full;

/////

[2] In his petition, petitioner requests the award of reasonable attorneys' fees pursuant to 28 U.S.C. § 2412. (Doc. No. 1 at 16.) The magistrate judge did not address this request in the pending findings and recommendations. (Doc. No. 8.) Nonetheless, the court will deny the request without prejudice to petitioner bringing a properly noticed and supported motion.

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondents are ORDERED to immediately release petitioner Jianlong Dong, A-File No. 245-628-534, from respondents' custody under the same conditions he was subject to prior to his re-detention on or about June 24, 2026;

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

3. Petitioner's motion to adopt the findings and recommendations (Doc. No. 9) is denied as moot in light of this order;

4. The Clerk of the Court is directed to substitute David Venturella in place of respondent Todd M. Lyons;

5. The Clerk of the Court is also directed to serve the Golden State Annex Detention Facility with a copy of this order; and

6. Finally, the Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 14, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE